UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARISSA SWEAT,

     Plaintiff,

v.                                                                      Case No: 8:14-cv-888-T-17JSS

UNITED STATES OF AMERICA,

     Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION IN LIMINE/MOTION TO COMPEL

THIS MATTER is before the Court on Defendant's Motion in Limine/Motion to Compel

(Dkt. 20) ("Motion").  A hearing was held on this matter on December 2, 2015.

## BACKGROUND

Plaintiff brought this action against Defendant under the Federal Tort Claims Act, 28

U.S.C. §§ 1346(b), 2671-2680.   Plaintiff alleges that, on February 9, 2012, Defendant was the

owner of a motor vehicle and gave permission to its employee, William Taylor, a postal service

worker, to operate the motor vehicle.  Plaintiff alleges that Mr. Taylor struck her vehicle with his

vehicle, causing her to sustain past and future damages.

On May 22, 2015, four months prior to the expert witness disclosure deadline, Plaintiff

served Defendant with Plaintiff's Federal Rule of Civil Procedure 26(a)(2) Disclosure of Expert

Witnesses ("Disclosure").  (Dkt. 23 at 8.)  The Disclosure stated that "pursuant to Fed. R. Civ. P.

26(a)(1), [Plaintiff] hereby discloses her treating providers and while they are not expert witnesses

under the law, they are skilled witnesses who Plaintiff may use at trial to present testimony and

evidence."  (Dkt. 23 at 8.)  The Disclosure included the name and contact information for 17

providers.  (Dkt. 23 at 8-14.)  For each provider, Plaintiff also stated that the provider's "medical

records will be produced to the Defendant," that the provider's "opinions and the facts and data for [the provider's] opinions are set forth in [the] medical records," and that the provider "will use medical records and radiological films/reports referenced in [the] medical records as exhibits at trial to support [the provider's] opinions."  (Dkt. 23 at 8-14.)

Also on May 22, 2015, Plaintiff served "the expert reports from Dr. Robert Guirguis D.O. and Dr. Charles Fontana, D.C."  (Dkt. 20-1 at 1.)  Dr. Guirguis's report consisted of one paragraph in which he noted Plaintiff's diagnoses and how he determined her diagnoses.  (Dkt. 20-1 at 2.) He further stated that Plaintiff "was involved in a motor vehicle accident on February 9, 2012. This accident resulted in a significant exacerbation of her pre-existing pain."  (Dkt. 20-1 at 2.)  Dr. Fontana provided his Curriculum Vitae, his medical records from January 9, 2013, a letter dated November 16, 2012 in which he noted that he treated Plaintiff "for injuries she sustained in a MVA that occurred on 02/09/2012" and opined that Plaintiff would "be unable to return to her former line of work well into her immediate future."  (Dkt. 20-1 at 3-9.)

On November 3, 2015, Defendant filed the instant Motion, seeking to preclude Plaintiff's treating physicians from opining that Plaintiff's injuries are causally related to the February 9, 2012 accident and from testifying regarding Plaintiff's future prognosis.

**APPLICABLE STANDARDS**

**A.    Expert Witness Disclosures**

Rule 26(a)(2) governs disclosures by expert witnesses.  "[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  The rule distinguishes between experts who must provide a written report and those who do not need to provide a written report.

A witness who "is one retained or specially employed to provide expert testimony in the case" must provide a written report, prepared and signed by the witness.  Fed. R. Civ. P. 26(a)(2)(B).  The report must contain a complete statement of all opinions the witness will express and the basis and reasons for them; the facts or data considered by the witness in forming them; any exhibits that will be used to summarize or support them; the witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.  *Id.*

Witnesses who were not retained or specially employed to provide expert testimony do not need to provide a written report, but the expert disclosure must include the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705 and a summary of the facts and opinions to which the witness is expected to testify.  Fed. R. Civ. P. 26(a)(2)(C).  This rule, which was added in 2010, "is considerably less extensive than the report required by Rule 26(a)(2)(B)" and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have."  *Id.* (Advisory Committee Notes to 2010 Amendment).

The Advisory Committee further noted that:

A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705.  Frequent examples include <u>physicians or other health care professionals</u> and employees of a party who do not regularly provide expert testimony.  Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).  The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

*Id.* (emphasis added).

To satisfy the Rule 26(a)(2)(C) disclosure obligation, the expert witness should do more than merely produce records. *See, e.g., Davis v. Green*, No. 1:12-CV-3549-WSD, 2015 WL 3505665, at *4 (N.D. Ga. June 3, 2015) (finding that a "personal injury narrative" report that was signed by the physicians did not comply with Rule 26(a)(2)(C)); *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20322-CIV, 2013 WL 8695361, at *4 (S.D. Fla. Apr. 4, 2013) (finding that the plaintiff's production of his medical records did not mean that the plaintiff complied with Rule 26(a)(2)(C)); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013) (same).

**B.      Expert Testimony by Treating Physicians**

A treating physician may testify as either a lay witness or an expert witness; however, in order to testify as an expert witness, the physician must provide the required disclosures under either Rule 26(a)(2)(B) or Rule 26(a)(2)(C). *See* Fed. R. Civ. P. 26(a)(2)(C) (Advisory Committee Notes to 2010 Amendment); *Whitehead v. City of Bradenton*, No. 8:13-CV-2845-T-30MAP, 2015 WL 1810727, at *4 (M.D. Fla. Apr. 20, 2015).

"In determining whether a Rule 26(a)(2)(B) report is required, the label of 'treating physician' is irrelevant; instead, the determination turns on the substance of the physician's testimony." *Blakely v. Safeco Ins. Co. of Illinois*, No. 6:13-CV-796-ORL-37, 2014 WL 1118071, at *2-3 (M.D. Fla. Mar. 20, 2014) (internal quotations and citations omitted). "[I]f a treating physician acquired the opinions that are the subject of the testimony directly through treatment of the plaintiff, the treating physician cannot be forced to file a written report required by Rule 26(a)(2)(B)." *Rementer v. United States*, No. 8:14-CV-642-T-17MAP, 2015 WL 5934522, at *5 (M.D. Fla. Oct. 9, 2015) (J. Kovachevich) (internal quotations and citations omitted). "Because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the

cause of injuries do not require a written report if based on the examination and treatment of the patient." *Id.* "Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis, and the extent of disability, if any, caused by the condition or injury." *Id.* "But, if a health care professional is asked to give any additional opinions, beyond those procured directly from treatment, then for those additional opinions to be admissible, Plaintiff must first provide the full written disclosures required by Rule 26(a)(2)(B)." *Blakely*, 2014 WL 1118071, at *3.

## ANALYSIS

Plaintiff timely served her Disclosure, pursuant to Rule 26(a)(2), which included the identities of 17 treating medical providers. As Plaintiff stated that these medical providers were not retained or specially employed to provide expert testimony in the case, they are not required to provide the detailed written reports required by Rule 26(a)(2)(B), unless they are asked to give opinions beyond those procured directly from treatment of Plaintiff. Thus, the disclosed medical providers may testify regarding the cause of Plaintiff's injuries, her diagnosis, and her prognosis, if their testimony is based on their examination and treatment of Plaintiff and if they have complied with the disclosure obligations of Rule 26(a)(2)(C).

Plaintiff contends that the additional documents provided by Dr. Guirguis and Dr. Fontana satisfy the less stringent requirements of Rule 26(a)(2)(C). The Court disagrees, but will permit Plaintiff to serve amended expert witness disclosures that comply with Rule 26(a)(2)(C) no later than December 14, 2015.

Additionally, at this stage, the Court cannot ascertain whether the anticipated testimony of each disclosed medical provider is based on their examination and treatment of Plaintiff. Therefore, if at trial, the testimony of each treating physician is not shown to be sufficiently related

to the information disclosed during the course of Plaintiff's examination and treatment, Defendant may make appropriate objections and motions.

Accordingly, upon consideration, and for the reasons stated at the hearing, it is

**ORDERED:**

1.    Defendant's Motion in Limine/Motion to Compel (Dkt. 20) is **DENIED without prejudice**.

2.    Plaintiff shall serve amended expert witness disclosures that comply with Federal Rule of Civil Procedure 26(a)(2)(C) no later than **December 14, 2015**.

**DONE** and **ORDERED** in Tampa, Florida on December 8, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record