UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARISSA SWEAT,

      Plaintiff,

v.                                  CASE NO. 8:14-CV-888-T-17JSS

UNITED STATES OF
AMERICA,

      Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 38      Motion in Limine
Dkt. 45      Response in Opposition

Plaintiff Carissa Sweat moves for entry of an Order prohibiting Defendant United States of America from entering into evidence, arguing, commenting upon, testifying or making any reference whatsoever at trial as to the following:

1. Plaintiff's use of marijuana, hemp seed oil or THC;
2. Plaintiff's diagnosis or treatment for suspected breast cancer;
3. Plaintiff's anxiety or hospitalization based on encounters with her son, his girlfriend and Child Protective Services;
4. Events that occurred on June 12, 2009 .

Plaintiff Sweat argues that evidence as to the above issues is irrelevant pursuant to Fed. R. Ev. 401, or that the evidence should be excluded pursuant to Fed. R. Ev. 403, as the Court should find that the probative value of the evidence is substantially outweighed by danger of confusion of the issues and misleading the fact-finder, or that the testimony may inflame the passions of the Court so that the verdict might reflect a

Case No. 8:14-CV-888-T-17JSS

negative emotional response to such evidence. Plaintiff Sweat further argues that none of the issues can be used as impeachment evidence, as there is no prior inconsistent statement that could be elicited from Plaintiff pursuant to Fed. R Ev. 613 regarding those statements.

Defendant United States of America responds that evidence as to the above issues is relevant to Plaintiff's credibility, which is a critical issue in light of the lack of medical evidence supporting Plaintiff's contention that the motor vehicle accident caused or exacerbated Plaintiff's medical conditions, and the fact that Plaintiff self-reports her injuries. Defendant United States of America argues that there is no legal basis to exclude evidence as to the above issues.

As to Plaintiff's use of marijuana, etc., during her deposition, Plaintiff was questioned extensively as to her use, and offered different explanations at different times.

As to the diagnosis and treatment for breast cancer, Defendant United States argues that Plaintiff's medical records show that Plaintiff has not had breast cancer, but Plaintiff has self-reported a history of breast cancer; Plaintiff has further denied she has had a chance to get a mammogram but has had the time to visit Tampa Pain Relief regularly for prescriptions for painkillers, muscle relaxers and anti-anxiety drugs.

As to Plaintiff's anxiety or hospitalization and family issues, Defendant United States argues that the Court is entitled to know Plaintiff's history and should not be asked to view Plaintiff in a vacuum. Defendant United States argues that Plaintiff's medical records show that Plaintiff has been prescribed and filled prescriptions for Xanax from 2003 up to the present, including prescriptions from more than one doctor at the same time.

Case No. 8:14-CV-888-T-17JSS

As to the events of June 12, 2009, these events include Plaintiff's consumption of alcohol and muscle relaxers while alone at the beach, then suddenly passing out, such that an acquaintance called 911 to transport Plaintiff to the emergency room. Defendant United States argues that Plaintiff testified in deposition that Plaintiff is "not a daily drinker" and that Plaintiff will have "a glass of wine on Thanksgiving and a glass of champagne on New Years." Defendant United States argues that Plaintiff has reported to her doctors that Plaintiff is a "non-drinker" and has denied the use of alcohol at all. Defendant United States further argues that Plaintiff was suspended from her job at Jet Blue on December 24, 2009 for being intoxicated at work.

Defendant United States argues that all of the above issues are relevant to Plaintiff's credibility, and are relevant to the Court's determination as to how and when Plaintiff's physical ailments occurred, and whether the subject motor vehicle accident exacerbated Plaintiff's extensive pre-existing ailments.

After consideration, the Court denies Plaintiff's Motion in Limine. Plaintiff Sweat may renew her motion as appropriate during trial; the Court will make any Rule 403 determination that arises on a case by case basis. Accordingly, it is

**ORDERED** that Plaintiff's Motion in Limine (Dkt. 38) is **denied**. Plaintiff Sweat may renew her motion as appropriate during trial; the Court will make any Rule 403 determination that arises on a case by case basis.

Case No. 8:14-CV-888-T-17JSS

**DONE and ORDERED** in Chambers in Tampa, Florida on this 7th day of January, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record